Filed 1/25/24  P. v. Moore CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>KENNETH LYNN MOORE,<br><br>    Defendant and Appellant. | A166422<br><br>(Alameda County<br>Super. Ct. No. 67113B) |

**MEMORANDUM OPINION[1]**

In 1980, a jury convicted defendant Kenneth Lynn Moore of an array of over 50 crimes, including two counts of first degree murder and assorted counts of burglary, robbery, and rape.  As to the murder counts, the jury found true robbery-murder and multiple-murder special-circumstance allegations.  Moore was 20 years old at the time of the murders.  The trial court sentenced defendant to life without the possibility of parole (LWOP) for the murder counts.  This division affirmed the judgment in 1984.  (*People v. Moore* (1984) 162 Cal.App.3d 709.)

---

[1]     We resolve this case by memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1.

The record in Moore's prior appeal, case no. A165429, has been incorporated by reference in this matter.

1

On June 9, 2022, Moore filed a pro se motion in the trial court pursuant to Penal Code section 1203.01[2] requesting a *Franklin* proceeding—i.e., a proceeding where youthful offenders can make a record to preserve evidence for an eventual parole hearing—and appointment of counsel. (*People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*).) On July 11, 2022, the court denied the motion and attendant request for counsel, reasoning that *Franklin* proceedings are unavailable to defendants like Moore, who were young adult offenders sentenced to LWOP. (§ 3051, subd. (h).) As relevant here, the court rejected Moore's contention that excluding young adults sentenced to LWOP from parole consideration violates equal protection, noting numerous cases rejecting that argument. (E.g., *In re Murray* (2021) 63 Cal.App.5th 184 (*Murray*); *People v. Jackson* (2021) 61 Cal.App.5th 189 (*Jackson*); *People v. Acosta* (2021) 60 Cal.App.5th 769 (*Acosta*).) Moore appealed.

On appeal, Moore challenges the denial of his motion for a *Franklin* proceeding on equal protection grounds. He argues that section 3051 violates equal protection by rendering young adult offenders who committed their controlling offenses between the ages of 18 and 25 and were sentenced to LWOP ineligible for *Franklin* proceedings, while young adult offenders who committed first degree murder but were not sentenced to LWOP are eligible.

Under section 3051, young adult offenders, like Moore, who were sentenced to LWOP and were over the age of 18 at the time of their controlling offense are ineligible for a youth offender parole hearing. (§ 3051, subd. (h).) That said, non-LWOP (i.e., parole eligible) young adult offenders who committed first degree murder between the ages of 18 to 25 are eligible. (*Id.*, subd. (b)(3).)

---

[2] All statutory references are to the Penal Code.

"Equal protection ensures that the government does not treat one group of people 'unequally' in comparison to other groups with similar characteristics 'without some justification.' [Citation.] First, we consider whether ' "the state has adopted a classification that affects two or more similarly situated groups in an unequal manner." ' [Citation.] The groups need not be similar in all respects but must be similarly situated for the purposes of the challenged law. [Citation.] Second, if two similarly situated groups have been identified and no suspect class or fundamental rights are at issue, we must decide whether there is any rational basis to support treating the groups differently." (*People v. Sands* (2021) 70 Cal.App.5th 193, 202 (*Sands*).) We review equal protection claims de novo. (*People v. Morales* (2021) 67 Cal.App.5th 326, 345 (*Morales*).)

Here, as in other cases, we will assume that the first prong of the test is met, i.e., that young adult offenders like Moore who were sentenced to LWOP for crimes committed between the ages of 18 to 25 are similarly situated with non-LWOP young adult offenders. (*Sands*, *supra*, 70 Cal.App.5th at p. 203; *Morales*, *supra*, 67 Cal.App.5th at p. 347.) That said, a long line of cases has concluded there is "a rational basis for distinguishing between a young adult LWOP offender and a young adult offender serving a non-LWOP sentence: the severity of the crime committed." (*Acosta*, *supra*, 60 Cal.App.5th at p. 780; *People v. Ngo* (2023) 89 Cal.App.5th 116, 123–124 (*Ngo*), review granted May 17, 2023, S279458; *Sands*, *supra*, 70 Cal.App.5th at p. 204; *Morales*, *supra*, 67 Cal.App.5th at pp. 347–349; *Jackson*, *supra*, 61 Cal.App.5th at pp. 199–200; *In re Williams* (2020) 57 Cal.App.5th 427, 436.) We adopt the reasoning in these cases and will not restate what they have already said on the subject.

Acknowledging the majority of cases have rejected his position, Moore urges us to adopt the reasoning of *People v. Hardin* (2022) 84 Cal.App.5th 273, review granted January 11, 2023, S277487, where Division Seven of the Second Appellate District concluded there was no rational basis for the disparate treatment of young adult LWOP and young adult non-LWOP offenders. We decline to do so for the reasons set out in *Ngo* by Division Two of the Fourth Appellate District. (*Ngo, supra,* 89 Cal.App.5th at pp. 124–126; see Cal. Rules of Court, rule 8.1115(e)(1).) Again, we will not belabor the point by repeating *Ngo's* apt criticisms of *Hardin*; instead, we adopt the reasoning in *Ngo*, which we find persuasive.

In reaching this conclusion, we note the California Supreme Court has granted review in *Hardin* and has deferred action in *Ngo* pending the outcome in *Hardin*. While we await a decision in *Hardin*, we affirm the denial of Moore's motion for the reasons stated in the aforementioned cases. This affirmance is without prejudice to Moore's filing of another *Franklin* motion should the result in *Hardin* warrant it.

## DISPOSITION

The order of the trial court denying defendant's motion for a *Franklin* proceeding is affirmed.

4

_____

Fujisaki, J.

WE CONCUR:


_____

Tucher, P.J.


_____

Rodríguez, J.